UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNN HERRERA and MARGARET
RABER, on behalf of themselves and those
similarly situated,

    Plaintiffs,

v.                                              Case No: 2:16-cv-795-FtM-99MRM

R & L CARRIERS, INC., PARAMOUNT
TRANSPORTATION LOGISTICS
SERVICES, LLC and AFC WORLDWIDE
EXPRESS, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion for Approval of Settlement (Doc. 66) filed on August 21, 2017 and the Receipt and Releases (Docs. 66-1, 66-2). Plaintiffs Lynn Herrera and Margaret Raber; Opt-In Plaintiffs David Francies, Renee Grossman, Stefon Johnson, Todd Lee, London McKinnon, and Roxanne Rosema; and Defendants Paramount Transportation Logistics Services, LLC, R&L Carriers, Inc., and AFC Worldwide Express, Inc. d/b/a R&L Global Logistics request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. After consideration of the parties' submissions, the Undersigned recommends that the Court enter an Order approving the settlement – with one exception relating to the retention of jurisdiction over this matter – and dismiss this case with prejudice.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under

the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff Herrera alleges that she worked for Defendants from March 2015 to August 2016 as an account executive. (Doc. 18 ¶ 2). Plaintiff Raber alleges that she worked for Defendants from February 2015 to June 2016 as a multi-mode specialist. (*Id.* at ¶ 3). Plaintiffs further allege that Defendants violated the FLSA by misclassifying Plaintiffs, other account executives, and other multi-mode specialists as exempt from overtime compensation. (*Id.* at ¶ 19). Plaintiffs claim that they and other similarly situated employees should have been classified as non-exempt. (*Id.* at ¶ 24). Plaintiffs also allege that they and those similarly situated routinely worked overtime, but were never properly compensated. (*Id.* at ¶ 25). The parties agree that this action involves disputed issues such as: (1) whether Plaintiffs were properly classified as exempt

employees; (2) whether certain Defendants could be held liable as an employer under the FLSA; (3) the amount of overtime hours claimed; (4) the statute of limitations period; and (5) whether liquidated damages were warranted if Plaintiffs were owed overtime wages. (Doc. 66 at 3-4). Even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter. (*Id.* at 4-5). Defendants agrees to pay Plaintiffs and Opt-In Plaintiffs as follows:

| Lynn Herrera | $7,753.84 |
|---|---|
| Margaret Raber | $6,092.23 |
| David Francies | $13,740.46 |
| Renee Grossman | $3,824.20 |
| Stefon Johnson | $8,465.04 |
| Todd Lee | $5,027.70 |
| London McKinnon | $12,749.44 |
| Roxanne Rosema | $15,724.05 |

(*Id.* at 5-6). These amounts represent eighty percent (80%) of the amount claimed by Plaintiffs and Opt-In Plaintiffs, and include liquidated damages. (*Id.* at 5; Doc. 66-1 at 3, 13, 22, 33; Doc. 66-2 at 4, 14, 24, 34). Further, the parties agreed that seventy percent (70%) of the alleged damages "are in consideration of the Plaintiffs' release of the FLSA claims, and ten percent (10%) of the alleged damages are in separate consideration of a general release of all claims." (*Id.* at 5 n.2).

In addition to the terms and conditions of a settlement agreement that relate to the FLSA claims, the Court must also scrutinize the other terms in the agreements. As mentioned above, the parties entered into general releases. In each Receipt and Release, Plaintiffs and Opt-In Plaintiffs agree to release Defendants "from all claims, demands, suits and causes of action of

whatever nature" and a further list of various types of cases. (Doc. 66-1 at 4-5, 14-15, 25, 34-35; Doc. 66-2 at 5-6, 15-16, 25-26). The *Lynn's Food* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Here, the parties agreed that "ten percent (10%) of the alleged damages are in separate consideration of a general release of all claims." (Doc. 66 at 5 n.2). Thus, the parties agree to additional consideration for entering into the general releases. (*Id.*). The Court finds that this additional consideration for the general releases appears fair and reasonable.

In the Joint Motion, Defendants also agree to pay $41,623.04 in attorney's fees and costs. (Doc. 66 at 6). The amount of attorney's fees and costs were agreed upon separately, and without regard to the amount paid to Plaintiffs. (*Id.*). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff and Opt-In Plaintiffs. (Doc. 66 at 6). The Receipt and Releases (Docs. 66-1, 66-2) appear reasonable on their faces with one exception concerning the Court's retention of jurisdiction. Even though not requested or even mentioned in the Joint Motion for Approval of Settlement (Doc. 66), in each of the Receipt and Releases, the parties included the following language: "The United States District Court for the Middle District of Florida, Fort Myers Division, shall retain jurisdiction in the event that it becomes necessary to enforce any provisions of this Release." (Docs. 66-1 at 7, 16, 26, 36; 66-2 at 7, 17, 27, 38). This is problematic for two reasons. First, the parties failed to request affirmatively that the Court retain jurisdiction beyond simply including such language in the Receipt and Releases. Second, the parties failed to provide any justification for the Court to consider retaining jurisdiction. The Undersigned is not inclined to recommend that the Court retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances. *See King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.). Thus, the Court recommends that the Receipt and Releases (Docs. 66-1, 66-2) be approved with the exception that the Court not retain jurisdiction to enforce the terms of the settlement.

**IT IS RESPECTFULLY RECOMMENDED**:

1) The Joint Motion for Approval of Settlement (Doc. 6) be **GRANTED**.

2) The Receipt and Releases (Doc. 66-1, 66-2) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues with

the exception that the Court recommends that Court not retain jurisdiction over this case.

3) If the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 31, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties